This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Timothy Mattingly ("Mattingly"), appeals the judgment of the Summit County Court of Common Pleas sentencing him to consecutive sentences of twelve months and six months in the Lorain Correctional Institute. We vacate the sentence and remand for resentencing.
 I.
{¶ 2} Mattingly was indicted on a two-count charge of trafficking in cocaine, in violation of R.C. 2925.03(A)(1). Pursuant to a plea agreement, Mattingly agreed to plead guilty to an amended first count and to the second count, both of which are felonies of the fifth degree. Before imposing the sentence, the trial court ordered a presentence investigation.
{¶ 3} The trial court sentenced Mattingly to a maximum sentence on the first count and a minimum sentence on the second count, to run consecutively. Mattingly timely appealed and has set forth one assignment of error.
 II. Assignment of Error {¶ 4} "THE TRIAL COURT ERRED IN 1) SENTENCING APPELLANT TO MORE THAN THE MINIMUM TERM; 2) SENTENCING APPELLANT TO A MAXIMUM TERM; AND 3) ORDERING MULTIPLE SENTENCES TO RUN CONSECUTIVELY."
{¶ 5} Mattingly argues that it was error for the trial court to impose the statutory maximum sentence and consecutive sentences without setting forth the requisite findings in support of such sentences. Specifically, Mattingly argues that the trial court did not comply with R.C. 2929.19(B)(2) and 2929.14(B) and (C). In addition, Mattingly contends that the record does not support the trial court's findings. We first address the issue of the maximum sentence.
{¶ 6} "For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." R.C.2929.14(A)(5). "Under R.C. 2929.14(C), the trial court may impose maximum prison terms upon offenders falling into one of the following four categories; (1) those offenders committing the worst forms of the offense: (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders * * * ; and, (4) certain repeat violent offenders[.]" State v. Reid (Sept. 26, 2001), 9th Dist. No. 20075, at 4. See, also, R.C. 2929.14(C). When imposing the maximum sentence, the record must reflect that the trial court imposed the maximum sentence based on the satisfaction of one of the listed criteria in R.C. 2929.14(C). Reid, supra, at 5. "[T]he findings of the trial court need not be in the sentencing transcript if they are contained in the journal entry." State v. Pacely (Mar. 6, 2002), 9th Dist. No. 01CA007784, at 3, citing State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846 .If a sentence is imposed contrary to law, the appellate court may vacate and remand for resentencing. R.C. 2953.08(G)(2)(b).
{¶ 7} After careful review of the sentencing hearing transcript and the judgment entry, we determine that the trial court has not set forth the requisite findings for imposition of a maximum term. To impose the maximum sentence, the trial court is required to find on the record either that Mattingly committed the worst form of the offense, or he is an offender posing the most likelihood of committing future crimes, or he falls within one of the two special categories of certain major drug offenders or repeat violent offenders .Because the trial court has not done so, we sustain the assignment of error to the extent that a maximum sentence without these findings is improper. Additionally, for the reason that the trial court did not make any findings, we do not address whether or not the record would support such findings. Pursuant to R.C.2953.08(G)(2), we vacate the sentence and remand for resentencing. As the issue of the maximum term is dispositive, we decline to address Mattingly's remaining arguments.
 III.
{¶ 8} Mattingly's sole assignment of error is sustained. The sentence is vacated, and the case is remanded for resentencing.
{¶ 9} The Court finds that there were reasonable grounds for this appeal.
{¶ 10} We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
{¶ 11} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
WHITMORE, J. CONCUR